IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNDAY AJISEBUTU, } | | |
| TDCJ-CID NO.1357407, } | | |
| Petitioner, } | | |
| v. } | | CIVIL ACTION NO. H-08-3403 |
| } | | |
| NATHANIEL QUARTERMAN, } | | |
| Respondent. } | | |

OPINION ON DISMISSAL

By this petition, *pro se* state inmate Sunday Ajisebutu has filed a federal habeas petition seeking relief under 28 U.S.C. §2254 for a 2006 conviction in the 263rd Criminal District Court of Harris County, Texas for money laundering in excess of $100,000.00 in cause number 1056026. (Docket Entry No.1). Petitioner has also filed a "Motion to Stay and Abey [sic] Pending Exhaustion of State Remedies." (Docket Entry No.2). For the reasons to follow, the Court will deny petitioner's motion to stay and abate the pending federal habeas action and dismiss his petition for non-exhaustion.

Claims

Petitioner's pleadings and public records reflect the following: Petitioner challenged his state conviction on direct appeal on grounds that his sixty-year sentence for money laundering constituted cruel and unusual punishment in violation of federal and state constitutional and state statutory provisions. *Ajisebutu v. State*, 236 S.W.3d 309, 311 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). The state appellate court found that petitioner did not preserve his challenge to the same with respect to the state constitution or state statutory provisions. *Id.* at 313. The state appellate court assumed, without finding, that petitioner

1

preserved such challenge with respect to the Eighth Amendment. *Id*. at 314. Based on such assumption, the state appellate court found that the sixty-year sentence did not violate the Eighth Amendment. *Id*. at 314-15. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on September 12, 2007. (Docket Entry No.1).

Petitioner filed a state habeas application on May 1, 2008, challenging his conviction on the same grounds that he raises in the pending federal petition with respect to a defective indictment, the ineffectiveness of trial and appellate counsel, and violations of the Due Process and the Ex Post Facto Clauses. (*Id.*). The state habeas application is still pending in state district court. (*Id*.). The Texas Court of Criminal Appeals recently denied petitioner's request for leave to file a petition for writ of mandamus on October 15, 2008. Texas Court website.[1]

Petitioner filed the pending petition on October 10, 2008. (Docket Entry No.1). He seeks federal habeas relief on the same grounds alleged in his state habeas application. (*Id.*).

### Discussion

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).

---

[1] *See* http:///www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=262918

A federal district court has discretion to stay a mixed habeas petition, which contains both exhausted and unexhausted claims, to allow the petitioner to exhaust the unexhausted claims in state court if the petitioner has good cause for his failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In this case, all of petitioner's claims are unexhausted. (Docket Entry No.1). Petitioner does not challenge his sentence in the pending federal petition on the ground that it violates the Eighth Amendment's prohibition against cruel and unusual punishment, the only claim that he has arguably exhausted in state court. Therefore, he has not presented a mixed petition of exhausted and unexhausted claims in his federal habeas petition. Moreover, good cause does not exist to stay and abate the pending petition. Petitioner seeks to protect his right to federal habeas relief in case he failed to comply with the procedural requirements of state law and the pendency of his state application does not serve to toll the federal limitations period. In such case, a stay merely rewards petitioner for his non-compliance and prolongs federal habeas review to no avail, contravening AEDPA's goal of "finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278. Accordingly, this case is subject to dismissal for failure to exhaust and petitioner's "Motion to Stay and Abey [sic]" will be denied.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## Conclusion

Based on the foregoing, the Court ORDERS

1. Petitioner's federal habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

2. A certificate of appealability is DENIED.

3. All pending motions are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 1st day of December, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE